UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| PERFECTO BAUER GARCIA, | Case No. 24-cv-03221-LB |
|---|---|
| Plaintiff, | |
| v. | **ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS** |
| CITY OF NAPA, et al., | |
| Defendants. | Re: ECF Nos. 1, 14 |

The plaintiff, who represents himself and is proceeding in forma pauperis, sued Napa code-enforcement and building officers after they issued citations to his parents (now deceased) for code violations, did not approve proposals to repair damage to their home's foundation, and continue to issue citations to the plaintiff.[1] Because the plaintiff is proceeding in forma pauperis, the court screened the case under 28 U.S.C. § 1915(e)(2)(B) and issued an order (attached) identifying deficiencies in the complaint: (1) there is no FTCA violation because there was no action by the United States; (2) generally code-enforcement actions like these are within the City's police powers; (3) without federal claims, there is no federal-question jurisdiction, and there is no diversity jurisdiction because the parties are not diverse; and (4) even if there were a viable federal

---

[1] Compl. – ECF No. 1 at 2–7. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER; R. & R. – No. 24-cv-03221-LB

claim, the plaintiff did not allege facts relevant to whether he has standing to assert claims on his parents' behalf or whether his claims are timely. The court allowed the plaintiff until October 14, 2024, to amend the complaint.[2] He did not. There are no viable claims. The case should be dismissed.

Because not all parties have appeared in the case and consented to magistrate-judge jurisdiction, the case must be reassigned. 28 U.S.C. 636(c)(1); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). The court directs the Clerk of Court to reassign the case to a district judge and recommends that the newly assigned district judge dismiss the case. Any party must serve and file specific written objections to this recommendation within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. Civ. L.R. 72-3. Failure to file a written objection within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: October 21, 2024

LAUREL BEELER
United States Magistrate Judge

---

[2] Order – ECF No. 27.